18 CV 11716

JUDGE GARDEPHE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Kadar A. Harris

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

Eastdil Secured LLC

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## COMPLAINT

Do you want a jury trial?
☑ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   Federal Question

☐   Diversity of Citizenship

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Title VII of the Civil Rights Act of 1964

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                  (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _Eastdil Secured LLC_, is a citizen of the State of
(Defendant's name)

_New York_

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____

If the defendant is a corporation:

The defendant, _Eastdil Secured LLC_, is incorporated under the laws of

the State of _New York_

and has its principal place of business in the State of _New York_

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_Kadar_                    _A_                    _Harris_
First Name            Middle Initial          Last Name

_250. West 77th St_
Street Address

_New York_                    _NY_                    _10024_
County, City                    State                    Zip Code

_631-944-1856_                    _Kadaharris38@gmail.com_
Telephone Number                    Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:   Eastdil Secured LLC
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)
40. West 57th. St    #22
_____
Current Work Address (or other address where defendant may be served)
New York            NY            10019
_____
County, City                    State            Zip Code

Defendant 2:   _____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

Defendant 3:   _____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

Defendant 4:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 40 West 57th St #22 NY, NY 10019

Date(s) of occurrence: 4/16/16, 5/17/17, 7/28/17

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

While employed as a consultant at Eastdil Secured LLC I was afforded some of the same benefits as full-time Eastdil Secured LLC employees. Benefits such as expensed lunches, dinners, car services. My charge of race and sex discrimination is based on at two other non-male, non black employees in my department being afforded opportunities for advancement that I was not afforded; that it was stated I would be afforded in the job description I was provided prior to accepting the opportunity at Eastdil Secured LLC. My charge of retaliation is based on my role at Eastdil being marginalized after I went to my direct supervisor's boss to complain that I was not being allowed to perform the task that the job description I was provided prior to accepting the opportunity at Eastdil Secured LLC stated I would be performing; and that my non-male, non-black counterparts were allowed

to perform. During the EEOC's investigation into this matter Eastdil Secured LLC provided a "response" to my initial charge. In their response on page 6 they cite a change in company policy as the reasoning for my no longer being allowed to audit expense reports; an give specific dates. However, I am providing in this summons email correspondence that clearly postdates the date provided by Eastdil Secured LLC in their response and which proves I was still auditing expense reports beyond the date Eastdil provided in their response. Additionally on page 4 of Eastdil's response they state that my direct supervisor (Bianca Johnson) → continued

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

The whole experience has been embarrassing, demoralizing and emotionally straining. Not being judged on the merits of my job performance and being cast out has had a significant affect on me over the past year. The affects of being discriminated against when all one wants to do is contribute to an organization are monumental.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

I believe it appropriate, and I am asking to be granted 5 million dollars for the violation of Civil Penalties, 5 million dollars for emotional distress, and 10 million dollars in punitive damages.

denies telling me that I was "not qualified" for an open position in the accounting department at Eastdil Secured LLC. However, I have two separate audio recordings of Bianca Johnson (my direct supervisor) and Marshal Trigg (Bianca Johnson's boss) both not only dignifying that they told me I was not qualified for a full-time opening in the accounting department at Eastdil Secured LLC, but neither of the two being able substantiate or offer an explanation as to why the job description for the full-time opening matched exactly the job description for the position which I currently was filling as a consultant. Each of these audio recordings were captured on July 27th, 2017.

Please accept for the courts review the following exhibits

Exhibit A, my initial EEOC complaint.

Exhibit B, page 6 of Eastdil Secured LLC's response to my EEOC complaint.

Exhibit C, email correspondence between myself and my direct supervisor which shows the statement made in page 6 of Eastdil's response to my complaint is a lie.

Exhibit D, the job description which I received prior to accepting the opportunity at Eastdil Secured LLC; which clearly states I would be "trained" as my non-male, non-black counterparts were.

Exhibit E, the job description for the full-time role at Eastdil Secured LLC that I was told by Bianca Johnson's Marshal Trigg that I was not qualified for.

Exhibit F, page 4 of Eastdil's response to my initial EEOC complaint where they assert my direct supervisor did not tell me I "was not" qualified for the open full-time opportunity at Eastdil Secured LLC. →continued

Exhibit G, my rebuttle to Eastdil Secured LLC's response to my initial EEOC response.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 12/13/18 | Kadar A. Davis |
| Dated | Plaintiff's Signature |
| Kadar      A      Harris | |
| First Name       Middle Initial       Last Name | |
| 250, West 7th, St Apt. 603 | |
| Street Address | |
| New York       NY       10024 | |
| County, City       State       Zip Code | |
| 631-944-1356       Kadarharris38@gmail.com | |
| Telephone Number       Email Address (if available) | |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☒Yes   ☐ No

  If you do consent to receive documents electronically, submit the completed form with your
  complaint. If you do not consent, please do not attach the form.

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2017-03334 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Kadar Harris** | **(631) 944-1356** | **12/11/82** |

Street Address                    City, State and ZIP Code

**75 St. Nicholas Place, Apt 2F, New York, NY 10032**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **EASTDIL SECURED LLC – WELLS FARGO** | **500 or More** | **(212) 315-7200** |

Street Address                    City, State and ZIP Code

**40 West 57th Street, #22, New York, NY 10019**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-08-2016**   Latest **08-15-2017**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Kadar Harris (Black, male), was employed as a temporary employee in the position of Accountant 2 at Eastdil Secured-Wells Fargo ("Respondent") through Aerotek. My temporary employment with Respondent was repeatedly extended from February 15, 2016 until August 15, 2017. I worked at Respondent's premises daily. Throughout my tenure, however, Respondent failed to consider me for permanent hire, and denied me opportunities for permanent employment. I was the only Black, male employee in the Accountant 2 position.

My supervisor, throughout my employment, was Bianca Johnson (Black, female), Respondent's Manager of Accounting. She was responsible for providing my work assignments and supervised my work. My work performance was always satisfactory and I was often praised for well-prepared expense reports. I got along well with everyone, regardless of their race, while Ms. Johnson did not seem as comfortable about being a Black person among mostly non-Black/White colleagues.

In about April 2016, I was first subjected to disparate, less favorable treatment than that afforded to my

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____   _____<br>Date                    *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 520-2017-03334 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

female, non-Black counterparts. It was then that Respondent hired a non-Black female temporary employee to a full-time permanent Accountant position without considering me. This happened again when another full-time permanent Accountant position opened up and Respondent again hired a non-Black female, without giving me an opportunity to be interviewed or apply for the job, although I was well qualified.

Respondent also subjected me to less favorable treatment in connection with training. Ms. Johnson failed to train me to do invoices and other tasks that she allowed my non-Black, female colleagues to do.

As a result, on May 12, 2017 I showed Mr. Marshal Trigg (the Accounting Department Controller and Bianca Johnson's boss) a printed copy of the job description I'd received from Wells Fargo prior to accepting the position and complained that Bianca was not allowing me to do the task listed in the job description. I also complained about Ms. Johnson's discriminatory conduct in connection with training and her failure to consider me for permanent employment, while favoring female, non-Blacks. By May 15, 2017, Ms. Johnson began retaliating against me for complaining by no longer allowing me to prepare and audit expense reports. She further marginalized my role as an Accountant by limiting my tasks to data entry and by instructing me to file everyone's expense reports from then on. Until then, each accountant was responsible for filing their own expense reports and doing their data entry.

On July 27, 2017 I saw a posting for another permanent Accounting position with Respondent on Wells Fargo's website. I approached Ms. Johnson and her boss, Marshall Trigg, and both said I was not qualified. However, a comparison of the job description for the Accountant 2 position I had held for over one year and the newly opened permanent Accountant position were the same. I pointed out to both of them during 2 separate conversations about the matter the comparison that I'd made between the two job descriptions, showing them printed copies of the job descriptions. I met with Marshal first and he was not able to offer an explanation as to why I wasn't qualified for the open position. When I met with Ms. Johnson to discuss the matter, which was after I'd spoken to Marshal, she immediately tried to intimidate me into not bringing it up by asking in a very frustrating manner "didn't you already discuss this with Marshal?"

The very next day July 28th, 2017 Ms. Johnson retaliated against me for bringing up the job description matter by refusing to approve the hours that I submitted that morning for her approval. I was told by Ms. Johnson that the company no longer had the budget for me to work overtime hours and that there was no way it was taking that many hours for me to complete my daily work task. I was then instructed to resubmit my hours so that they reflected 40 total hours for the week ending July 30th, then to leave the office for the day. Prior to this, I had worked 57.5 hours a week for over a year. Then, at the conclusion of my temporary appointment, Respondent failed to extend my employment and did not give me an opportunity to be interviewed/hired to a permanent position which was open.

I believe Respondent discriminated against me due to my race and gender by subjecting me to disparate, less favorable treatment in connection with training, and by denying me opportunities to be considered and

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____   _____ Date            Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **520-2017-03334** |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

hired to permanent positions. Respondent also retaliated against me by marginalizing my role as an Accountant and allowing my temporary appointment to expire without extending an offer of permanent employment, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____     _____<br>    *Date*                *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# EXHIBIT B

When Mr. Harris commenced his assignment at Eastdil, other team members would log into Concur using their credentials and then allow him to use their access to Concur. This improper system usage was uncovered by Shared Services Accounting, and the practice was disallowed going forward. On 4/20/2016, the Finance Manager at the time communicated this expectation via email to Ms. Johnson, several of her Accountants, and Mr. Harris, stating as follows:

> Effective immediately, do not log in using another team member's user id. This is prohibited by Wells Fargo's policy. Team members should only be using their own assigned login for systems access.

Thus, Mr. Harris no longer had access to the Concur system, and his responsibilities changed. Mr. Harris continued to review the printed expense reports and supporting documentation but was unable to access Concur to review all the details.

On 05/05/2017, the Eastdil President sent a communication to the Eastdil team regarding recent compliance issues with the Government Officials – Gift and Entertainment policy. Up until this point, Mr. Harris had continued to review expense reports using printed copies. Because Mr. Harris, as a nonemployee, did not have delegate access to Concur, and the printed copies did not provide visibility of all attendees, Mr. Trigg and Ms. Johnson decided that Mr. Harris should no longer review expense reports. The risk of missing an attendee who was a government official was too great. Mr. Trigg and Ms. Johnson discussed other work Mr. Harris could do for the department during his last three months. Some of the work involved data entry of invoices into a spreadsheet.

**D. Charging Party fails to establish a viable claim of retaliation.**

Mr. Harris alleges that after he complained to Mr. Trigg on 05/12/2017 about (i) Ms. Johnson's refusal to allow him to do certain tasks, (ii) her discriminatory conduct in connection with training, and (iii) her failure to consider him for employment yet hired non-Black females, Ms. Johnson retaliated against him. She allegedly retaliated by no longer allowing him to prepare and audit expense reports and limited his tasks to data entry and expense report filing. He also alleges that Ms. Johnson retaliated against him by refusing to approve the hours he submitted for her approval on 7/28/2017. Finally, Mr. Harris alleges that he was retaliated against when the Company failed to extend his assignment and did not interview or hire him for an open position. With one exception, legitimate business reasons for every one of these actions by Ms. Johnson and the Company are fully addressed above and will not be repeated here.

The only complaint not previously addressed above relates to Ms. Johnson's alleged refusal to approve the hours he submitted to her for approval. Mr. Harris alleges Ms. Johnson instructed him to resubmit his hours so they reflect 40 total hours for the week ending 07/30/2017 and claims he worked 57.5 hours a week for over a year. These allegations are patently false.

In the afternoon on Friday 7/28/2017, Ms. Loretta Spencer sent an email to Ms. Johnson questioning the timecard Mr. Harris had just submitted for his hours worked that week. His timecard listed 63.5 hours worked for the week. Ms. Spencer questioned what Mr. Harris was doing

# EXHIBIT C

**Harris, Kadar**

| | |
|---|---|
| **From:** | Johnson, Bianca |
| **Sent:** | Thursday, May 11, 2017 10:36 AM |
| **To:** | Harris, Kadar |
| **Subject:** | RE: for today |

Thank you for your cooperation. The items need to be all filed away by EOD Monday 5/15. We have been given deadlines to have our area in proper order.

*Bj---*

**From:** Harris, Kadar
**Sent:** Thursday, May 11, 2017 10:33 AM
**To:** Johnson, Bianca
**Subject:** RE: for today

Hi Bianca,

Absolutely. In conjunction with auditing reports I've been filing away reports and invoices I have at my desk. I will devote 100 percent of the effort to completing the filing of the reports and invoices I have here and begin completing the filing of the invoices and reports that are atop the credenza in your office.

Kadar

**From:** Johnson, Bianca
**Sent:** Thursday, May 11, 2017 10:24 AM
**To:** Harris, Kadar
**Subject:** for today

Hi Kadar,
Can you spend the better part of today working on the filing and then hop back on reports once all of the filing is completed. We have both invoices as well as Concur reports in different spots that are sort of piling up and we'd like to get them to their perspective places. Let me know if you have any questions or any issues with the file cabinets. I will have the team put them on the smaller credenza in my office so at least you will not need to go fishing for what needs to be filed.
Thanks a bunch!
b

**Bianca Z. Johnson**
Accounting Manager - VP | **Eastdil Secured LLC**
Direct: 212.315.7245 | Cell: 516.734.1194
bzjohnson@eastdilsecured.com | Bianca.johnson@wellsfargo.com
240 West 57th Street, 22 Floor | New York, NY  10019

# EXHIBIT D



**Accounting Clerk**

**Pay Rate 15-20 an hour**

**Location: 40 W 57th Street, New York, NY, 10019**

**Hours: 8:00am- 5:00pm**

**Job Description:**

- Responsible for performing basic accounting activities.
- Duties may include: analyzing accounting documents for accuracy; tracing and investigating transactions to resolve questionable data and applying corrective actions when necessary; preparing accounting entries and more complex financial reports and analysis; preparing audit packages and/or financial statements for internal/external customers; preparing accounting schedules such as daily expense schedules, cash estimates, internal/external reporting packages, yield calculations, dividend distribution amounts, and/or daily cash positions; assisting lower level clerks with reconciliation of complex problems.
- May perform more complex data analysis to ascertain compliance with policy and/or law. May be responsible for a specific accounting function such as accounts receivable or accounts payable. Performs projects as requested.

**Work Environment:**

- Will reporting directly to Bianca Johnson. Very laid back environment, the position will be more clerical in nature, at least during the first few months.
- Selling points for the firm
  - the group is growing, and has alot of growth planned for 2016
  - Great firm to put in resume
  - opportunity to grow with the group and the firm, but also a possible stepping stone

**Qualifications:**

- Expense report processing
- 6-12 months of accounting experience
- Internship experience

**Performance Expectations:**

- Expense concur management is a must.
- They will be expected to do this on a daily basis.
- They also must be familiar with excel, all else will be trained

# EXHIBIT E

## Job Description

| Previous Job | Next Job |
| --- | --- |

**Job Details**

| | | |
| --- | --- | --- |
| **Job Title** Staff Accountant | **Job ID** 5336582 | Favorite Job ☆ |
| **Location** NY-New York | **Full/Part Time** Regular | |
| **Regular/Temporary** Regular | | |

**Job Description**

**Wells Fargo Securities - Eastdil Secured**

Eastdil Secured is the foremost provider of financial advisory services to real estate owners. We combine superior capital markets expertise with a deep understanding of real estate fundamentals to execute a wide range of transactions for our clients ultimately producing superior results. By maintaining an effective platform that combines conventional real estate advisory and brokerage with the corporate finance and capital markets expertise of an investment bank, Eastdil Secured creates value for clients through unparalleled advisory services, individually-tailored structures, and marketing/placement programs that set the industry standard. Through the ability to navigate the challenges presented in any economic environment, Eastdil Secured maximizes opportunities with "customer-crafted", revolutionary strategies that produce the most optimal and efficient transactions possible.

Our team is dedicated to the sale, financing and recapitalization of all major real estate product types including office, retail, hospitality, industrial and multifamily properties throughout North America. Widely recognized for our capital markets and real estate expertise, our team is also known for their distinguishing access and credibility, incomparable experience, outstanding client service, and proven track record.

**OPPORTUNITIES**

We are looking for a Staff Accountant to join our New York Eastdil Secured office.

**Duties may include:** Analyzing accounting documents for accuracy; tracing and investigating transactions to resolve questionable data and applying corrective actions when necessary; preparing accounting entries and more complex financial reports and analysis; preparing accounting schedules such as daily expense schedules, cash estimates, and/or daily cash positions.

May perform more complex data analysis to ascertain compliance with policy and/or law. May be responsible for a specific accounting function such as accounts receivable or accounts payable. Performs complex projects as requested.

Team members support our focus on building strong customer relationships balanced with a strong risk mitigating and compliance-driven culture which firmly establishes those disciplines as critical to the success of our customers and company. They are accountable for execution of all applicable risk programs (Credit, Market, Financial Crimes, Operational, Regulatory Compliance), which includes effectively following and adhering to applicable Wells Fargo policies and procedures, appropriately fulfilling risk and compliance obligations, timely and effective escalation and remediation of issues, and making sound risk decisions. There is emphasis on proactive monitoring, governance, risk identification and escalation, as well as making sound risk decisions commensurate with the business unit's risk appetite and all risk and compliance program requirements.

**Required Qualifications**

- 2+ years of accounting experience

**Desired Qualifications**

- A BS/BA degree or higher in accounting
- Intermediate Microsoft Office skills

**Other Desired Qualifications**

- 2+ years Accounts Payable and Accounts Receivable experience
- Expense Report auditing
- T & E handling experience
- Invoicing
- Previous experience with Concur Travel & Expense, and Oracle
- Experience in financial services industry, preferably Commercial Real Estate

**Disclaimer**

All offers for employment with Wells Fargo are contingent upon the candidate having successfully completed a criminal background check. Wells Fargo will consider qualified candidates with criminal histories in a manner consistent with the requirements of applicable local, state and Federal law, including Section 19 of the Federal Deposit Insurance Act.

Relevant military experience is considered for veterans and transitioning service men and women.

Wells Fargo is an Affirmative Action and Equal Opportunity Employer, Minority/Female/Disabled/Veteran/Gender Identity/Sexual Orientation.

| Apply | Email to Friend |
| --- | --- |

Return to Previous Page

# EXHIBIT F

Kadar Harris v. Eastdil Secured, L.L.C.                                    Page 4 of 7
Charge No. 520-2017-03334
Respondent's Position Statement

When examining these hires, it is important to note that Mr. Harris never applied for either of these jobs so as to be eligible for consideration. Wells Fargo maintains an internal recruiting website which is accessible to all team members of Wells Fargo entities and maintains an external website for nonemployees to apply for open job positions. All recruiting activities are required to be conducted in compliance with Wells Fargo's Recruiting and Hiring Policies. The job application process is essential to establish a prospective employee's employment eligibility, including such things as work authorization and Social Security number validation. Although Mr. Harris believes he should have been considered, only candidates who submit applications to the Company for positions can be considered. Like all external job applicants, Mr. Harris could access the Company's external, on-line recruiting website.

The hiring of these two non-Black females is not evidence of disparate treatment by Ms. Johnson. This is proven by the fact that Mr. Harris failed to apply for either job. Further, in January 2015, Ms. Johnson herself hired a Black male as an Accountant 2, who had formerly been assigned to Eastdil by another temporary staffing agency. Importantly, Ms. Johnson personally interviewed Mr. Harris and approved his temporary assignment at Eastdil. Finally, it must be noted that Ms. Johnson herself is Black. These facts refute Mr. Harris's claim that Ms. Johnson's hirings have been based on race (Black) and gender (male) and dramatically undermine Charging Party's claims of discrimination by Ms. Johnson.

The Charge also raises complaints regarding the two Accountant 2 job openings posted on 06/07/2017. On 07/13/2017, Mr. Harris sent a message via LinkedIn to Finance Manager Trigg to question why Mr. Harris was not being considered for one of the Accountant 2 job openings. (Again, Mr. Harris had not even applied.) On 7/17/2017, Mr. Trigg had the following discussion with Mr. Harris regarding that 07/13 text message. Mr. Trigg explained that Mr. Harris was not qualified for the position because Eastdil was looking to replace an experienced accountant and Mr. Harris's employment history lacked needed accounting experience. Although Mr. Harris contends in his charge that his temp position job description and the job description for the job openings were the same, this issue was not raised during the discussion with Mr. Trigg. If Mr. Harris had raised that question, Mr. Trigg would have explained to Mr. Harris that his current role as a temporary worker/nonemployee did not entail all of the functions of the open Eastdil position.

Likewise, Ms. Johnson explained to Mr. Harris that the job openings were for a more senior position than his current work. She denies telling him that he was not qualified.

Mr. Harris did finally apply for both Accountant 2 openings on 8/10/2017. He was one of 283 applicants who applied for the openings. After review of all applications, the recruiter did not refer Mr. Harris's application and resume to management for consideration because "he lacked the depth of accounting experience and academia." Mr. Harris's resume lists the following work history and education: (i) 2/2016-8/2017 Wells Fargo Accounting Specialist (temporary assignment); (ii) 11/2015-2/2016 Corporate Receptionist, (iii) 8/2014-9/2015 Office Coordinator/Accounting Assistant; and (iv) Associate Degree in Occupational Studies. Only three applicants were selected

# EXHIBIT G

Let this serve as my rebuttal in support of my charge of discrimination and retaliation against Eastdil Secured LLC.

On page 2 of Eastdil's response to my charge (Summary of Position) Eastdil's attorneys assert that I claimed to be an employee of Eastdil's; and that based on that claim my charge should be dismissed. It's clearly stated in my charge "I was employed as a temporary employee in the position of Accountant 2 at Eastdil Secured through Aerotek."At no time in my charge did I claim to be an employee of Eastdil's. I am however, a protected party under the United States Civil Rights act of 1964. Therefore, Eastdil's request for relief on the basis that I was a temporary employee should be denied. Also, as a temporary employee at Eastdil Secured I was afforded the same benefits as a full time employee i.e expensed lunch, dinner, and car rides home. On page 3 of Eastdil's response to my charge their attorneys claim that I am alleging retaliation based on my temporary assignment not being extended. Having said that, it's worth noting that my temporary assignment was ended one month shy of the 18 month limit that Wells Fargo imposes on temporary employment. This fact does more to support my claim of retaliation that it does to disprove it.

While nowhere in my charge did I claim retaliation based on my assignment not being extended I did claim and still do claim retaliation based on the fact that my role as an Accountant 2 was marginalized to data entry and filing; while at least two other non-black female employees were given training as temps and allowed to gain advancement in the accounting department at Eastdil Secured. Additionally, I claimed and am still claiming retaliation in my charge based on the fact that on July 27th, 2017 after I approached both Marshal Trigg and Bianca Johnson about their claim of my not being qualified for an open position which had the same exact job description as that of which I was given for the Accountant 2 role I filed at Eastdil my hours were cut one week before the end of my assignment.

Let it be known that I recorded both conversations which took place on July 27th, 2017 with Bianca Johnson and Marshal Trigg. These audio recordings which will be provided to investigator MARITZA RONDON-VELAZQUEZ clearly my account of the intimidation attempt on the part of Bianca Johnson when I raised the question of how I was not qualified for the role within the accounting department that had the job description as the role I was currently filling. The recordings also confirm that neither Bianca Johnson nor Marshal Trigg were able to substantiate why the two job descriptions were the same. The recordings also clearly prove that Bianca Johnson is lying through Eastdil's attorneys when they claim on her behalf on page 4 and in paragraph 4 of their response that "she denies telling him that he was not qualified." In the recordings both Bianca Johnson and Marshal Trigg clearly acknowledge the remark was made.

I also have as (**Exhibit A**) the time sheets which were all submitted on July 28th, 2017. Two of the time sheets were rejected. It was only after going to Bianca Johnson' office and being told by her that there was "no way" it was taking me that many hours to do my work; and that her superiors said I couldn't work that many hours anymore that the third time sheet I submitted was approved for 40 regular hours in addition to the overtime hours. After which I asked

instructed to go home early. During my entire 17 month assignment at Eastdil I was never to leave the office at 3:45pm as I was July 28th, 2017. Furthermore, it doesn't make sense that Bianca's "superiors" would have a problem with me submitting overtime hours just two weeks before my assignment would end when they didn't have a problem with me submitting and then subsequently approving the overtime hours for at least the previous 12 months. Please see my pay stubs for my entire tenure at Eastdil Secured LLC. They are Exhibit B and support my claim of hours submitted and approved during my time at Eastdil prior to me complaining about my lesser role, lack of training, and approaching Bianca Johnson/Marshal Trigg about the inconsistency in their story as it related to me being told I was not qualified for an open position.

With regard to the claim of retaliation in my charge, one should ask themselves as an investigator, as an attorney just how many coincidences make up a fact. **Exhibits A** and **Exhibit B** clearly show that just one day after I questioned Bianca Johnson and her boss Marshal Trigg about them both stating that I was not qualified for a job opening which bore the same job description as the role I was already filling the hours I was allowed to work were cut and I was sent home early. That is retaliation and it's illegal. The facts are Bianca Johnson got angry that I would dare investigate the matter and subsequently confront her and her boss Marshal Trigg with my findings; which contradicted their position that I wasn't qualified for the position.

I would like to clarify that in my charge I mistakenly stated that the time sheet ending the week 7/28/17 was only approved for 40 hours; it was in fact 60 hours. They had no choice but to approve the 20 overtime hours because I'd already worked them. That said, I was ordered to clock out at 3:48pm on 7/28/2017 when I regularly had been leaving the office at 7:11pm. What difference would 3 hours have made if this was not a retaliatory act. Dating all the way back to Pay End Date 11/12/2016 I submitted and had approved on a regular basis 57.5 hours. Exhibit B confirms this. Additionally, on page 6 of Eastdil's response their attorneys claim that on 7/28/2017 Ms. Loretta Spencer sent an email to Bianca Johnson questioning my hours worked. Ms. Loretta Spencer is the Head of Human Resources and religiously approved my hours for over a year without a problem prior to 7/28/17. Prior to going to Bianca Johnson's office on 7/28/17 I went to Ms. Spencer's office to inquire about why the time sheet I initially submitted on submitted on 7/28/17 wasn't approved. Ms. Spencer stated she didn't know anything and that I needed to talk to Bianca Johnson. As the head of HR if Ms. Spencer took exception with my hours she had an obligation to tell me about it when I asked her. Instead she lied if what Eastdil's attorneys are asserting is the truth. This points to collusion more than anything and supports my claim of retaliation.

On page 3 and 4 of Eastdil's response their attorneys address the two non-black, female employees; one of which I was hired as a temp after I was, both of whom were hired as full time employees at Eastdil Secured LLC during my time there. Their names are Amy Zhang (Asian) and Mushal Husain (Middle Eastern). Amy Zhang was immediately hired after another full time employee quit. Mushal Husain (who I was hired before) was hired full time within weeks of being hired as a temp. Upon learning of Mushal Husain's full time employment status, I contacted Andrew Register the recruiter at Aerotek who placed both me and Mushal Hasain at

Eastdil Secured. Andrew told me he was perplexed at how quickly Eastdil called his office to inform him that they were converting Mushal to a full time employee. Andrew went on to state that Mushal and I had similar backgrounds. When I asked Andrew if he had received any feedback on my job performance? Andrew stated that he had made attempts to reach Bianca regarding my job performance and hadn't received any responses. That would remain the for my entire time at Eastdil. Additionally, both Amy Zhang and Mushal Husain were allowed to participate in closed door team meetings in Bianca Johnson's office as temps. They were both cross-trained on the different facets of the Accountant 2 position as temps. I was never invited to participate in any team meetings or afforded any training on the Accountant 2 position; which the job description (**Exhibit C**) I was hired based on clearly states I would be in its final paragraph. This was all based on Bianca Johnson's preference of who she wanted to see advance and who she wanted to hire. While it's true that upon being offered full time employment opportunities candidates often times go through the formal process of filing out paper work such as job applications, who gets hired is a matter of preference. In this case it is clear that Bianca Johnson only wanted non-black, non-male employees working in her department on a full time basis. Which is currently now the case in the accounting department at Eastdil Secured.

In page 4 of Eastdil's response they also note that Bianca Johnson personally interviewed me and approved my assignment. Based on the job description this means I was qualified to do the job of Accountant 2. Why would Bianca Johnson pick me and then not afford me the training and advancement as a temp that she afforded the non-black, non-male temps in the accounting department. It only makes sense if it's discrimination. Also, the defense that because Bianca Johnson is black she is incapable of discriminating against another black person is not viable. That is tantamount to stating that people of the same ethnic background are incapable of committing crimes against each other; which as history has shown is completely false. Eastdil cites on page 4 of their response that Bianca Johnson hired a black male employee on or around January 2015. While I am not sure of his ethnicity what I have been made aware of by long tenured Eastdil employees, is that as a result of being subjected to unfavorable treatment while at Eastdil by the female employees in the accounting department the male employee David Jean-Philippe decided to quit his job at Eastdil Secured after just 14 months. Why someone would quit a job at one of the world's biggest bank is anybody's guess.
See **Exhibit D** David Jean Philippe's LinkedIn profile.

Additionally, I worked with another male temp employee while at Eastdil, Vincent Santonastasio. Vincent too believes that he was discriminated against and denied training and the opportunity to advance in the accounting department at Eastdil because of his Sex (Gender). Vincent quit his temporary assignment because he could no longer endure the unfair treatment. Vincent is willing to be deposed and his contact information will be provided along with this rebuttal; as well as the contact information of other current and former Eastdil Secured employees who can support my claim of discrimination. On page 6 of their response Eastdil asserts that improper use of full time employee's credentials to log into the Concur Travel and Expense auditing platform was discovered; citing this as the reason I was no longer allowed to have access to the platform. Whether that is true I can't say. I can say I personally

did not receive any such communication on 4/20/2016 via email. Additionally, Bianca Johnson, Kevin Lee ( then accounting Controller), and Marshal Trigg all were aware of the fact that non full time employees were not supposed to be accessing Concur.

On at least one occasion prior to 4/20/16 both myself and Vincent Santonastasio (who was also employed as an Accountant 2 temp) were instructed to disguise the fact that we were not full time employees when calling Wells Fargo to make inquiries into employee expense reports. This request was made of me via email by then Accounting Controller Kevin Lee prior to his departure (there should be a record of this). In the case of Vincent Santonastasio, Vincent will be better suited to reveal the details of who gave him the directive. As I stated in my charge, on May 12th 2017 I brought to Marshal Trigg's attention that I was not being allowed to do the things listed in the job description for the Accountant 2 position which Bianca Johnson personally interviewed and approved my assignment for. In their response Eastdil claims that up until May 5th, 2017 I was allowed to hard copies (paper) of expense reports, because of a communication received by Eastdil's President. I can assure and prove to any interested party that as of May 12th, 2017 I was still auditing hard copies of employee expense reports. Filed and achieved expense reports will confirm this because they are all initialed and dated by the auditor. This only further brings into question Eastdil's honesty, integrity, and credibility as a firm. If a correspondence was received on May 5th, 2017 regarding Government Officials, then why was I still allowed to audit for another week but then conveniently pulled off of expense off of expense reports within days of complaining to Bianca's boss about not being afforded the opportunity to take on task and be trained on task listed in the job description (**Exhibit C**) again as the job description said I would be?

The reality is while auditing hard copies of expense reports I never had a problem with identifying government officials. I could also go to other full time employees in the accounting department such as Denise Rosendo (Latino, female) and ask them to look at the report. This did not require me to access the Concur Travel and Expense auditing platform or compromise any of Eastdil's policies as they relate to temporary employees. The accounting department at Eastdil Secured had a reputation while I was there for not auditing expense reports in a timely fashion. So much so that often times employee's corporate cards would be turned off because of unpaid balances. I had a reputation in the firm for being the employee in the accounting department that audited expense reports very quickly and accurately. So much so that employees both onsite and offsite would either come to me or contact me via phone or email asking that I personally audit their reports because I was proficient at it.

This did not fit well with Bianca Johnson's picture of the accounting department, as I was not someone who she wanted to train or hire despite my performance. Which is why, in 17 months I never received a performance review. Me being highly regarded as a standout employee over those who Bianca handpicked for the accounting department angered Bianca Johnson and she decided to punish me for it. I also believe that my being black and being able to exhibit executive presence, getting along with and gaining the respect of other non-black employees throughout the different department in the firm threatened Bianca Johnson.

In conclusion, I am asking that the investigation continue so that I may have my day in court, where I will be seeking punitive damages, damages for emotional distress, and damages for the violation of civil penalties.

Sincerely,

Kadar A Harris